IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PEDRO ORTEGA ROMERO, individually and on behalf of all others similarly situated,**<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**CHURRASQUERIA MARINA, INC., a/k/a BRINEL, LLC., d/b/a PAULO'S BBQ, and PAULO M. SIMOES, individually,**<br><br>　　　　Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff PEDRO ORTEGA ROMERO ("Romero" or "Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants CHURRASQUERIA MARINA, INC., a/k/a BRINEL, LLC., d/b/a PAULO'S BBQ ("Paulo's"), and PAULO M. SIMOES, individually, (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.　　Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.　　Plaintiff brings this lawsuit against Defendants as a collective action, individually and on behalf of all other persons similarly situated –waitpersons– who suffered damages as a

1

result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed waitperson, cleaning, bus boy, as well as other non-waitperson duties for the Defendants in New Jersey and based from Defendants' restaurant located in South Plainfield, Middlesex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Paulo's, is a bar/restaurant as well as a banquet hall and catering company engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants purchase goods and materials through the channels of interstate commerce as well as service patrons from throughout the United States. Defendants further use interstate banking to perform its daily business operations, including purchasing goods and materials as well as accepting payment for services from their consumers. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to produce an end product for Defendants'

consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Romero is an adult individual who is a resident of Dunnellen, Middlesex County, New Jersey.

9. Plaintiff Romero was employed by Defendants full time as a waitperson, performing duties as a waitperson, as well as other duties unrelated to his job as a waitperson, performing these duties for approximately a decade, or from 2008, until in or about December 26, 2018.

10. Upon information and belief, the individual Defendants own, operate, and/or manage Paulo's.

11. Upon information and belief, Paulo's is headquartered in South Plainfield, Middlesex County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Paulo's, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Paulo's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant Paulo's was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Defendant Paulo Simoes is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Paulo Simoes has been an owner, partner, officer and/or manager of Paulo's.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Paulo Simoes has had power over personnel decisions at Paulo's.

17. Defendant Paulo Simoes was present at the restaurant every day, and managed the day to day operations, controlled the employees, the company pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all waitpersons, hereinafter referred to as the "Collective Action Class".

19. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. *§* 2 I 6(b).

20. Plaintiff and the Collective Action Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia,* all such individuals worked pursuant to Defendants' common business policies and practices, including but not limited to, time keeping and pay policies, and as a result of such policies and practices, were not paid the full and legally mandated overtime premiums as required under the FLSA. Resolution of this action requires inquiry into common facts, including, *inter alia,* Defendants' common compensation, timekeeping and payroll practices.

21. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

**FACTS**

22. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff Romero, and those similarly situated employees, at the minimum wage rate, as well as for any overtime hours worked in a work week.

23. Plaintiff Romero was an hourly employee and his hourly rate of pay was $3.13 per hour, plus tips.

24. Plaintiff Romero routinely worked five (5) to six (6) days per week.

25. Plaintiff Romero routinely worked approximately sixty-five (65) hours per week.

26. Plaintiff Romero was not paid for his hours worked over forty (40) in a workweek.

27. Plaintiff Romero was not paid at the minimum wage rate.

28. Plaintiff Romero was only paid for forty (40) hours each week.

29. Plaintiff Romero was paid zero for all hours over forty (40) each week, regardless of the number of hours over forty (40) that he worked each workweek.

30. Upon information and belief, employees similarly situated to Plaintiff were also compensated for only forty (40) hours per workweek. Like Plaintiff, they were not paid for their hours worked in excess of forty (40) worked each week, as well, not paid at the minimum wage rate.

31. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

32. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

33. This cause of action is brought to recover from Defendants the minimum wage, and overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under

the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

34. The records, if any, concerning the number of hours worked by Plaintiff and all individuals similarly situated to Plaintiff are in the possession and custody of Defendants.

35. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

36. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled, at the minimum wage rate, as well as for all of the hours worked in excess of forty (40) within a work week.

37. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who were not paid at the minimum wage rate, as well as those employees that have worked overtime hours in one or more work periods, on or after April 5, 2016, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

38. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

39. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 38 above.

40. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

41. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

42. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

43. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

44. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 44 above.

46. Plaintiff is entitled to one and one half times his regular hourly wage for each hour of working time in excess of 40 hours in any week.

47. Defendants' aforementioned conduct is in violation of the NJWHL.

48. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 48 above.

50. Plaintiff is entitled to be paid additional compensation for each of his hours he worked for the minimum wage for hours worked per work week.

51. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

52. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked in a work week.

53. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

54. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages, as well as a third year of damages.

## COUNT IV
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NJWHL

55. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 54 above.

56. Plaintiff is entitled to be paid additional compensation for each of his hours he worked for the minimum wage for hours worked per work week.

57. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

58. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked in a work week.

59. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

60. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages, as well as a third year of damages.

## JURY TRIAL

61. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff PEDRO ORTEGA ROMERO and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants CHURRASQUERIA MARINA, INC., a/k/a BRINEL, LLC., d/b/a PAULO'S BBQ, and PAULO M. SIMOES, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 5, 2019                    Respectfully submitted,

 s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*